QUIN and others, Plaintiffs and Respondents, vs. HOFF-MANN and another, Defendants and Respondents: HOME MUTUAL CASUALTY COMPANY, Defendant and Appellant.

*January 5—February 2, 1954.*

For the appellant there was a brief by *Byrne, Bubolz & Spanagel* of Appleton, and by *Lehner, Lehner & Behling* and *Adolph P. Lehner,* all of Oconto Falls, and oral argument by *Adolph P. Lehner* and *Eugene H. Behling.*

For the respondents Mrs. Susan Quin, Miss Susan Quin, Regina Von Phul, Rachel Foley, and Frank L. Prescott there was a brief by *Johnson & Herro* of Oconomowoc, and oral argument by *Charles J. Herro.*

For the respondents Hoffmann there was a brief by *Brendemuehl & Brendemuehl* of Oconomowoc, and oral argument by *Alvin G. Brendemuehl.*

CURRIE, J.   The automobile liability insurance policy issued by the defendant Home Mutual Casualty Company to the defendant Dwain Hoffmann contained the statutory omnibus coverage clause required under the provisions of

sec. 204.30 (3), Stats. With respect to the coverage of the policy in the event of the insured vehicle being driven by a person other than the named insured, such clause provided:

"The insurance hereby afforded shall not apply unless the riding, use, or operation above referred to be with the *permission* of the assured named in this policy, or if such assured is an individual, with the *permission* of an adult member of such assured's household other than a chauffeur or domestic servant." (Italics supplied.)

The policy contained no exclusion clause relating to the operation of the insured automobile by an unlicensed driver.

The adverse examinations of both the defendants Dwain Hoffmann and Delbert Hoffmann had been taken prior to the motion for summary judgment, and said adverse examinations were made part of the motion papers by reference. Dwain Hoffmann, the owner of the insured vehicle, was not an occupant thereof at the time of the accident, but both he and his brother, Delbert, testified at said adverse examinations that at the time of the accident said vehicle was being driven by Delbert with the permission of Dwain. At that time Delbert was but fifteen years of age and possessed no license to drive. The only license which could legally be issued to a boy of that age was the special permit provided by sec. 85.08 (9) (b), Stats. 1951, which would have restricted him to driving a vehicle owned by his parent or guardian during daylight hours only, but Delbert did not possess such a special permit.

Sec. 85.08 (39), Stats., provides as follows:

"No person shall authorize or knowingly permit a motor vehicle owned by him or under his control to be operated upon any highway by any person who is not authorized hereunder or in violation of any of the provisions of this section."

The question presented on this appeal is the very narrow one of whether the word *"permission"* as used in the statu-

tory omnibus coverage clause is to be construed as being restricted to legal permission or whether it would cover any case of actual permission irrespective of whether the same might be legal or illegal.

In resolving this question of construction, the legislature has provided us with no guide with which to determine the legislative intent. In the absence of such statement of legislative intent we deem the controlling factor to be that of public policy.

This court has passed on the construction of the omnibus coverage clause in numerous cases, but apparently in none of these has the court construed the purpose of such clause to be that of affording protection to persons injured as a result of the operation of the insured vehicle. On the contrary, the purpose thereof has been stated to be that of affording the additional insured the same protection as is afforded to the named insured. *Frye v. Theige* (1948), 253 Wis. 596, 601, 34 N. W. (2d) 793.

The question therefore narrows itself down to whether an unlicensed driver, to whom the named insured is prohibited by sec. 85.08 (39), Stats., from granting permission to operate the insured vehicle, should be deemed an additional insured so as to be afforded the same protection as the named insured. We consider that there are strong reasons of public policy why such unlicensed driver should not be afforded such protection.

One of the acute problems facing this nation today is the appalling death rate resulting from automobile accidents. In 1952, 45,300 persons lost their lives in motor-vehicle accidents (December, 1953, issue of American Mercury, p. 22). According to the official records of the Wisconsin motor vehicle department there were 895 fatalities in 1952 and 880 deaths in 1953 which were due to traffic accidents occurring in this state. Drivers' license laws, such as contained in sec.

85.08, Stats., are one of the means which have been adopted by legislatures of this, and other states, in the interests of promoting highway safety. In order to qualify for a driver's license it is necessary for a new driver to pass certain statutory tests. Penalties are imposed against persons operating a motor vehicle without such license, and also against the owner who grants permission to such an unlicensed person to operate the owner's vehicle.

It seems to us there would be a further deterrent against an unlicensed person taking a chance in operating a motor vehicle in violation of the statutes if such person knew that he would not be protected while so driving by the policy of automobile liability insurance issued to the owner, but instead would be alone financially subject to pay any damages which might result from his negligent operation of such vehicle.

It is therefore our conclusion that the word *"permission"* as used in the statutory omnibus coverage clause means legal permission. Inasmuch as Dwain Hoffmann could not grant permission to his brother, Delbert, to operate the automobile in question without violation of sec. 85.08 (39), Stats. 1951, there was no permission granted to Delbert within the meaning of the omnibus coverage clause of the policy, and the action must be dismissed as to defendant Insurance Company.

The defendant Insurance Company also moved for summary judgment dismissing the action on the ground of failure of Dwain and Delbert Hoffmann to properly co-operate in that they furnished untrue information pertaining to the accident in the original signed statements given by them to the Insurance Company which conflicted with the testimony later given on their adverse examinations. However, it is not necessary to pass upon this issue in view of our conclusion with respect to the construction of the omnibus coverage clause of the policy.

*By the Court.*—Order reversed and cause remanded with directions to enter summary judgment dismissing the complaints as to the defendant Home Mutual Casualty Company.