PULVERMACHER, Plaintiff, vs. SHARP and another, Defendants and Appellants: STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Impleaded Defendant and Respondent.*

*March 5—April 9, 1957.*

---

\* See *Behringer & State Farm Mut. Automobile Ins. Co.,* post, p. 586; *Laughnan v. Aetna Casualty & Surety Co.* 1 Wis. (2d) 113; *Henthorn v. M. G. C. Corp.* 1 Wis. (2d) 180.

For the appellants there was a brief and oral argument by *Frank M. Coyne* of Madison.

For the respondent there was a brief by *Kopp & McKichan* of Platteville, and *Roberts, Roe, Boardman, Suhr & Bjork* of Madison, and oral argument by *M. A. McKichan.*\*

CURRIE, J.   The memorandum opinion of the learned trial court so well covers the issues presented on this appeal that we adopt the same as the opinion of this court:

This is a motion by the impleaded defendant State Farm Mutual Automobile Insurance Company for summary judgment dismissing on the merits the amended complaint of the plaintiff and the cross complaint of the original defendants as to said movant. Subsequent to the filing of this motion the original defendants made settlement of plaintiff's claim, reserving, however, their rights as to their cross complaint for contribution against the impleaded defendants and pursuant thereto plaintiff's amended complaint was dismissed on the merits. This leaves for disposition the cross complaint of the settling (original) defendants for contribution against the impleaded defendants and it is this issue which State Farm Mutual presently seeks to determine, so far as it is concerned, by its motion for summary judgment.

* A brief was also filed by *Edwin Conrad* and *George McD. Schlotthauer,* both of Madison, as *amici curiae.*

There is attached to the moving papers a stipulation of facts signed by counsel for all parties which, in the view of such counsel, sets forth all of the agreed facts which are necessary to a determination of this motion and which stipulation specifically recites that "there are no facts in dispute on the issues raised by this motion for summary judgment."

From this stipulation and the pleadings herein the following facts appear which the court believes are material to a determination of the problem at hand:

(a) The plaintiff sustained personal injuries as a result of an automobile accident which occurred on March 2, 1954, while he was riding as a guest in his own automobile and which automobile was then being driven by the impleaded defendant Jay Anderson with the plaintiff's permission and consent. This action was brought by plaintiff to recover damages for such personal injuries.

(b) There was in existence at the time of said accident an automobile liability policy issued by the impleaded defendant State Farm Mutual to the plaintiff as named insured therein, which policy described the vehicle above mentioned and which policy contained an omnibus coverage clause extending coverage to the said Jay Anderson as an additional insured.

(c) Said policy further contained a general "exclusion clause" providing that the policy did not apply to injury to or death of the named insured (plaintiff) therein.

(d) On April 8, 1954, upon completing its investigation of said accident, State Farm Mutual, *for the purpose of complying with the provisions of sec. 85.09 (5) (d), Stats.,* filed with the motor vehicle commissioner of the state of Wisconsin an SR–21 form to which no limitations, restrictions, or conditions were attached and which contained the usual information required by said commissioner in such cases and which was in the usual form required by him. This SR–21 was signed and filed on behalf of said insurance

company by a person who had actual authority to so sign and file the same and was not filed as a result of any mistake on the part of said company. This SR–21 contained the following:

"The company signatory hereto gives notice that its policy numbered 347-820-D27-49 issued on the date of Jan. 25, 54, and issued to Howard Pulvermacher, 996 Central Ave. Richland Center is an automobile liability policy as defined in section 85.09 of the Wisconsin statutes, affording limits of $10,000/$20,000 bodily injury and $5,000 property damage, which policy was in effect on the date of the above-described accident.

"Does this policy apply to the above owner in the above accident? Yes.

"Does this policy apply to the above operator in the above accident? Yes."

(e) State Farm Mutual did not withdraw or revoke said SR–21 at any time.

(f) Because of the filing of said SR–21 neither the operator's license of Jay Anderson nor the registration certificate and plates of plaintiff have been suspended by the commissioner of motor vehicles.

(g) State Farm Mutual, at the time of the filing of said SR–21, had knowledge that the plaintiff (named insured) was the sole person injured in said accident.

On the facts State Farm Mutual contends that it is not liable for contribution because of the "exclusion clause" above mentioned which prevents the plaintiff (named insured) from recovering under his policy for his own personal injuries and hence there is no common liability between the cross-complaining (original) defendants and State Farm Mutual upon which a judgment for contribution could be based.

The original defendants contend, however, that the filing of the SR–21 by State Farm Mutual precludes the granting

of its motion for summary judgment for the following reasons:

(1) Under the rule of *Laughnan v. Griffiths,* 271 Wis. 247, 73 N. W. (2d) 587, and *Prisuda v. General Casualty Co.* 272 Wis. 41, 74 N. W. (2d) 777, State Farm Mutual has made itself liable by the filing of an SR–21 pursuant to sec. 85.09 (5) (d), Stats.

(2) The automobile liability policy required by secs. 85.09 (5) (b) and 85.09 (5) (c), Stats., in order to prevent the suspension of the operator's license of Anderson and the registration of plaintiff must cover *any judgment* which may be recovered against Anderson to the extent of the limits prescribed by said sub. (5) (c) and cannot validly contain the "exclusion clause" above mentioned.

(3) The filing of the SR–21 by the insurer constituted a waiver of the "exclusion clause" contained in said policy.

The court is of the opinion that the rule of the *Laughnan* and *Prisuda Cases* does not require the denial of this motion for summary judgment. Those cases do not hold that an insurer, by the filing of an SR–21, thereby absolutely precludes itself from relying on any and every defense it might have under the terms of the policy. They merely hold that under certain circumstances an SR–21 becomes admissible in evidence as an admission against interest on the part of the insurer with respect to the issue as to whether the insurer assumed and acknowledged liability for the operation of the vehicle in question.

In both of those cases the insurer claimed, after the filing of an SR–21, that its policy afforded *no coverage* or protection *of any kind* to the person operating the vehicle at the time of the collision involved therein, that he was not an additional insured under the terms of the policy. In both of those cases the insurer claimed that the SR–21 was filed through mistake and in the *Laughnan Case* it was further claimed that the SR–21 was not signed nor filed by a person

who had either actual or ostensible authority to so file or sign the same. In the instant case the insurer claims no mistake or error in the signing or filing of the SR–21 and admits that this was effected by a person who had actual authority to so act and further admits that its policy applies to the operation of plaintiff's car by Anderson and affords such coverage and protection to Anderson *as is required by the laws of this state.* Under the rule of those cases this SR–21 becomes admissible in this case as an admission against interest with respect to the issue as to whether State Farm Mutual acknowledged and assumed liability *to the plaintiff* for Anderson's driving of the plaintiff's automobile. (See last paragraph of Mr. Justice STEINLE's opinion in the *Prisuda Case.*)

What does this SR–21 admit against the interest of State Farm Mutual? It admits that it issued to the plaintiff an *automobile liability policy as defined in sec. 85.09, Stats.,* affording limits of $10,000/$20,000 bodily injury, that such policy was in effect on the date of the accident involved herein and that the policy *applies to the operator* (Anderson) of the vehicle involved in said accident. It does not contain an admission that the policy applies to the claim of this specific plaintiff nor under the provisions of sec. 85.09 is it required to contain such a statement or admission.

What is an "automobile liability policy as defined in sec. 85.09, Stats." which State Farm Mutual has admitted, by filing of an SR–21, it issued? It is merely an automobile liability policy which can be validly issued under the laws of this state and which contains the prescribed monetary limits of liability. It clearly is not a policy of absolute coverage for all claims arising out of an accident. Subs. (5) (b) and (5) (c) of this statute provide that the provisions of sec. 85.09 as to deposit of security and suspension of license and registration shall not apply to an owner or operator who had in effect an *automobile liability policy* with respect

to the vehicle involved in the accident with limits of not less than $10,000 because of bodily injury to or death of one person in any one accident and $20,000 because of bodily injury to or death of two or more persons in any one accident. Neither of these subsections prohibit the policy from containing a clause which excludes coverage for injuries to or death of the named insured. No other statute of our state prohibits an automobile liability policy from containing such a general exclusionary clause. Such a clause has been held valid and binding in the recent cases of *Havlik v. Bittner,* 272 Wis. 71, 74 N. W. (2d) 798; *Musselman v. Mutual Automobile Ins. Co.* 266 Wis. 387, 63 N. W. (2d) 691; and *Frye v. Theige,* 253 Wis. 596, 34 N. W. (2d) 793, 50 A. L. R. (2d) 124; in which latter case the court at page 601, stated:

"The only statutory limitations upon the powers of the parties to contract are those contained in sec. 204.30 (3), Stats., which requires the omnibus coverage clause, and sec. 204.34 (2), which forbids general exclusion of coverage on the basis of relationship to the assured. We see no ground upon which this court can properly limit the power of contract beyond the prescriptions of the statutes. The fact that the foregoing limitations have been put by statute upon the power to contract indicates a legislative view that public policy calls for no other limitation."

Subs. (5) (b) and (5) (c) of sec. 85.09, Stats., do not require that there be in effect at the time of the accident a policy of absolute coverage for payment of any tort judgment which might be obtained against the operator or owner; they only require that there be in effect an automobile liability policy which can be validly issued in the state of Wisconsin and which contains the monetary limits of liability prescribed by those subsections. (See 35 Op. Atty. Gen. 210.)

By the voluntary filing of the SR-21 by a person with actual authority so to do, intending to be bound thereby

(*i. e.,* for the purpose of complying with the provisions of sec. 85.09 (5) (d), Stats.), State Farm Mutual only admitted that it had a valid policy of automobile liability insurance in effect which applied to the operation of the vehicle described in said SR–21, which provided the necessary limits of liability and which met the requirements of secs. 204.30 (3) and 204.34 (2), and which therefore extended all the coverage required by the laws of this state and the decisions of our court relating to such policies issued in this state. It did not thereby certify or admit that such policy did not contain a valid exclusionary clause preventing the named insured from recovery thereunder.

The present denial by State Farm Mutual of coverage as to plaintiff's claim is perfectly consistent with the "admissions against interest" contained in the SR–21 and is based on an exclusion contained in its policy of insurance which does not violate the statutory limitations imposed by secs. 204.30 (3) and 204.34 (2), Stats. As stated in *Frye v. Theige, supra* (p. 601) :

"The fact that the foregoing limitations have been put by statute upon the power to contract indicates a legislative view that public policy calls for no other limitation."

Therefore, as to the first and second contentions of the original defendants in opposition to the instant motion it is the conclusion of the court that (1) State Farm Mutual did not admit, assume, or acknowledge liability to the plaintiff by the filing of an SR–21, and (2) that the automobile liability policy required by secs. 85.09 (5) (b) and (5) (c), Stats., may validly contain a clause excluding coverage for personal injuries to the named insured.

As to the third contention of said original defendants, it is the opinion of the court that the filing of the SR–21 did not constitute a waiver of the exclusion clause contained in the contract. A waiver is an intentional act, an intentional relinquishment of a known right. *Callaway v. Evanson, 272*

Wis. 251, 75 N. W. (2d) 456. There is nothing in the SR–21 which indicates that State Farm Mutual intended to forego its contractual right to rely on the exclusion clause contained in its policy in the event the named insured attempted to recover thereunder for his own personal injuries.

*By the Court.*—Judgment affirmed.