PRISUDA, by Guardian *ad litem,* and others, Respondents, vs. GENERAL CASUALTY COMPANY OF AMERICA, Appellant.*

*May 7—June 4, 1957.*

* Motion for rehearing denied, without costs, on September 10, 1957.

For the appellant there was a brief by *Dougherty, Arnold, Philipp & Murray* of Milwaukee, and oral argument by *Suel O. Arnold*.

For the respondents there was a brief and oral argument by *A. L. Tilton* of Milwaukee.

BROADFOOT, J. Upon this appeal the defendant makes five contentions in support of its claim that the judgment should be reversed. It first contends that the case of *Laughnan v. Griffiths,* 271 Wis. 247, 73 N. W. (2d) 587 (December, 1955), is not applicable to the present case.

The *Laughnan Case* was the first of a series of cases involving the effect of filing a form SR-21 by an insurance company. Ordinarily when a new question is presented for determination by the courts the evolutionary process is slow. However, in cases involving the effect of filing an SR-21 the evolutionary process was rapidly accelerated and in the short period of fifteen months culminated in our decision in *Behringer v. State Farm Mut. Automobile Ins. Co.* 275 Wis. 586, 82 N. W. (2d) 915, handed down May 7, 1957, the date upon which we heard arguments in the present case.

In attempting to distinguish the two cases, the defendant says that in the *Laughnan Case* the plaintiffs sued the assureds as well as the insurance carrier. That is true. However, since the enactment of secs. 85.93 and 260.11, Stats., this court has consistently held that actions may be brought

against the insurance company alone. (All references to statutes herein are to the statutes of 1951.) We find no requirement in the Safety Responsibility Law that requires the action to be commenced against the owner or operator of a vehicle.

The defendant next says that in the *Laughnan Case* the complaint alleged that the defendant had filed an SR-21 and that plaintiffs relied upon such filing in the prosecution of the action. It points out in this case a finding by the trial court that the plaintiffs did not prove reliance upon the filing of the SR-21. No witness was called to testify to reliance thereon. If material, it might be pointed out that the plaintiffs offered a certified copy of the SR-21 at the first trial; that they alleged the filing thereof and reliance thereon in the amended complaint, and that the SR-21 was introduced and received in the second trial. However, based upon the *Behringer* decision, we state that reliance upon the filing of an SR-21 is not a material issue in this type of case.

It is claimed that under the provisions of sec. 85.09 (11), Stats., that evidence was not admissible in this case, whereas it was admissible in the *Laughnan Case* by virtue of having been raised affirmatively and specifically in the original complaint. This is not a valid argument. That very subsection of the statute provides that the notice of insurance is admissible if otherwise material and admissible under the rules of evidence.

The defendant next contends that its actions clearly establish that it did not intend to be bound by its filing of the SR-21. The defendant is relying upon language in the *Laughnan Case* wherein we stated that an automobile liability insurance company can make itself liable on a policy where, after investigation of the facts and acting through a duly authorized employee, it voluntarily files the form admitting coverage as to the accident, intending to be bound thereby. At the time of writing the brief and making the

argument the defendant did not have the benefit of our opinion in the *Behringer Case, supra,* wherein we modified the language of the *Laughnan Case* by stating that the words therein "intending to be bound thereby" did not have reference to any undisclosed subjective intention of the company but only that the company had filed the SR-21 for the purpose of complying with the Safety Responsibility Law. In the present case the defendant in its answer admitted that after investigation it filed the SR-21 for the purpose of complying with sec. 85.09 (5) (d) of the Wisconsin statutes of 1951. The evidence at the trial showed conclusively that it was signed and filed by an authorized agent or employee of the defendant. That contention is determined adversely to the defendant by our decision in the *Behringer Case.*

The defendant next contends that the courts cannot make a contract or establish liability between the parties where none exists. That contention states a well-known rule of law but omits from consideration the fact that the defendant after a full investigation voluntarily filed the SR-21 intending to comply with the Safety Responsibility Law. No attempt is here made to make a contract, and any liability defendant may have incurred is due to the provisions of the statute and to its own voluntary act.

The defendant next contends that the Safety Responsibility Statute does not prevent an insurer from relying on its policy defenses. In the case of *Pulvermacher v. Sharp,* 275 Wis. 371, 82 N. W. (2d) 163, handed down April 9, 1957, there was language in our decision which indicates that under certain circumstances an automobile liability insurer does not absolutely preclude itself from relying on any defenses which it might have under the terms of the policy by the filing of an SR-21. However, in the *Behringer Case* this was modified and clarified by limiting the policy defense to the named insured.

Finally the defendant contends that the statute as interpreted by the motor vehicle commissioner is unconstitutional. The defendant points out no interpretation of the statute by the commissioner that in any way affects its substantive rights. It bases the argument solely upon the statute itself. It repeats the argument that in this case the driver of the automobile was not made a party. That has been sufficiently answered.

It then contends that because an owner or operator of a car involved in an accident may file cash or other security with the commissioner to prevent revocation of the driver's license and the automobile license and may withdraw the same under certain conditions enumerated in the statute, the defendant is discriminated against and its property taken without due process of law. Attention is called to other provisions of the statute to show that an insurance company is given different treatment therein than is the owner or operator.

Based upon its conclusions of what the law says, the defendant then argues that unless an insurance policy is considered in the same class with other security the statute is unconstitutional. It cites such cases as *State ex rel. Ford Hopkins Co. v. Mayor,* 226 Wis. 215, 276 N. W. 311. The defendant suggests that if we interpret the law as it would like to have it interpreted we could avoid answering the constitutional question and requests that we interpret the law as follows:

"1. There can be no liability imposed upon an insurance carrier because of the filing of an SR-21 unless the claimant obtains a judgment against the driver in an action at law.

"2. Where the claimant does not join the driver as a party defendant, the claimant cannot take advantage of an SR-21 in any respect.

"3. The claimant must bring his action at law against the driver by the actual service of a summons within one year from the date of the accident. If the claimant does not bring

his action within that time, he cannot take advantage of an SR-21.

"4. At the expiration of thirteen months from the date of the accident, if the claimant has failed to commence an action against the driver, the insurance company has the right, either to withdraw the SR-21 or to have the SR-21 canceled. The depositor of security in any form except in the form of an insurance policy has such a right and the commissioner of motor vehicles must afford the same privilege to the insurance company. Upon such cancellation, of course, there can be no liability imposed upon the insurance company."

A brief answer to the argument that the defendant was denied due process is that the defendant was under no compulsion to file the SR-21 in the form that it did. Nothing in the law compels an insurance company to admit liability where none exists. If it was a fact that its policy did not cover the driver, such fact could have been stated on the SR-21. The defendant cannot be heard to say that it was deprived of its property without due process of law where its liability, if any, flows from its voluntary act.

The Safety Responsibility Law exempts persons having automobile liability insurance from filing security. The filing of an SR-21 by an insurance carrier fully satisfies such requirements. Defendant's entire contention is based upon the false premise that the action must be commenced against the driver of the automobile. In this case the company voluntarily filed the SR-21. The action was brought within one year following the date of the accident. Had cash or other security been deposited under the provisions of the statute the security could not have been withdrawn because of the commencement of the action.

The claim of improper classification amounts to a claim that the defendant is denied equal protection of the law. The Safety Responsibility Law is an exercise of the police power by the legislature. *State v. Stehlek,* 262 Wis. 642, 56

N. W. (2d) 514. The law treats all operators and drivers alike, and it treats all insurance companies writing automobile liability insurance alike. It has not been pointed out in what way there is any improper classification. The legislature has great discretion in making such classifications. As stated in *State v. Neveau,* 237 Wis. 85, 99, 294 N. W. 796, 296 N. W. 622:

"We are not required under the law to find a proper basis of classification, but the classification made by the legislature is presumed to be valid unless the court can say that no state of facts can reasonably be conceived that would sustain it. All reasonable doubts must be resolved in favor of the legislative classification."

Therefore we conclude that the classification meets the standards announced in the cases cited by the defendant.

*By the Court.*—Judgment affirmed.