■ DENNIS J. DAVIDSON et al., Plaintiffs, v. FIREMAN'S FUND INDEMNITY COMPANY, Defendant. — On a controversy submitted to this court pursuant to the provisions of the Civil Practice Act (§§ 546–548), upon an agreed statement of facts, judgment is directed in favor of the defendant, without costs,

declaring that defendant has no obligation to furnish a defense for Dennis F. Davidson in the actions against him or to pay any judgment rendered therein, and has no obligation to him by reason of the occurrence on August 7, 1955. Tersely stated, the facts submitted set forth in substance that the plaintiff Dennis J. Davidson's automobile is covered by a general liability policy issued by the defendant. Such policy contains provisions as follows: "With respect to the insurance for bodily injury liability and for property damage liability the unqualified word 'insured' includes the named insured and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission. * * * Temporary Substitute Automobile — under coverage A, B and C, an automobile not owned by the named insured while temporarily used as the substitute for the described automobile while withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction." On the evening of August 7, 1955 the plaintiff Dennis F. Davidson was using the car of his father, Dennis J. Davidson, the insured. During that evening the father's car became inoperable because of a heavy rain and the son, without permission of his father (the insured) or the owner of the substituted car, "borrowed" the car of a friend who had left the ignition key in the car. An accident thereafter ensued while he was driving the "borrowed" car. Since there was consent of neither the policy-holder nor the owner of the "borrowed" car, it may not be considered as a substitute under the terms of the policy. To hold otherwise would be to extend defendant's liability beyond a reasonable interpretation of the intent of the policy. Wenzel, Acting P. J., Beldock, Murphy and Kleinfeld, JJ., concur; Hallinan, J., dissents and votes to direct judgment for plaintiffs, with the following memorandum: Plaintiffs are father (Dennis J. Davidson) and son (Dennis F. Davidson). Defendant issued an automobile liability policy to the father, wherein the word "insured" was defined in the omnibus clause as including the named insured and "any person while using the automobile * * * with his permission"; and the word "automobile" was defined in the substitution clause as meaning the motor vehicle described in the policy, or "an automobile not owned by the named insured while temporarily used as the substitute for the described automobile while withdrawn from normal use because of its breakdown". (See 5A Am. Jur., Automobile Ins., § 83.) The son employed the described automobile, which he was customarily allowed to use, to attend the wedding of his sister to one Parisi. For some reason not stated, the father was not present. The son wished to drive with some friends to the apartment of the bridal couple for the purpose of "mussing it up a bit" as a practical joke. It had been raining, and the insured car would not start. It is not disputed that this constituted a "breakdown" within the meaning of the policy. Thereupon, as a substitute he used Parisi's car, the key to which was in it, without asking permission. An accident occurred, resulting in two lawsuits against the son and Parisi. The latter is uninsured. Defendant refused to defend or indemnify the son upon the alleged grounds that the Parisi car was not a substitute vehicle within the meaning of the policy, and that no permission to use it had been given by the named insured or its owner. Having the permission of his father, the named insured, for the use of the described vehicle, the son was an additional insured under the omnibus clause of the policy (*Standard Sur. & Cas. Co.* v. *Maryland Cas. Co.*, 199 Misc. 658, affd. 281 App. Div. 446; *Manhattan Cas.*

*Co.* v. *Cholakis*, 206 Misc. 287, affd. 284 App. Div. 1041), which clause must be liberally construed to subserve the clear public policy, reflected in the statute that requires its inclusion in the insurance contract, to broaden the coverage of automobile liability policies (Insurance Law, § 167, subd. 2; 5A Am. Jur., Automobile Ins., § 90; see, also, *Chatfield* v. *Farm Bur. Mut. Auto Ins. Co.*, 208 F. 2d 250; *Harrison* v. *Carroll*, 139 F. 2d 427; *Hinchey* v. *National Sur. Co.*, 99 N. H. 373). As such additional insured, the son became entitled to the same protection as the named insured (*Quin* v. *Hoffman*, 265 Wis. 636). Unlike the clause which limits the "Use of Other Automobiles" to the named insured and his spouse, there is no such restriction expressed respecting the right to obtain a substitute car in the event of a breakdown of the described vehicle. In the absence of such a limitation, it is presumed that none was intended (cf. *American Sur. Co.* v. *Diamond*, 1 N Y 2d 594). Therefore, and because the policy must be strictly construed against the insurer, the son had the right to make the substitution (*Lachs* v. *Fidelity & Cas. Co.*, 306 N. Y. 357, 364; *Tonkin* v. *California Ins. Co.*, 294 N. Y. 326, 328–329; *Hoffman* v. *Aetna Fire Ins. Co.*, 32 N. Y. 405, 415). The case of *Tanner* v. *Pennsylvania Threshermen & Farmers' Mut. Cas. Ins. Co.* (226 F. 2d 498), cited by defendant, is not to the contrary. The court there held (p. 500) that it was an instance of "'friendly or brotherly accommodation'", not substitution, the "'substitute'" car having remained in the possession and control of its owner. The policy does not in terms require as a condition for coverage the permission of the named insured or of the owner of the substitute vehicle for the use thereof. Such a condition may not be supplied by the court by way of construction (*Wilson Sullivan Co.* v. *International Paper Makers Realty Corp.*, 307 N. Y. 20, 25). Cases cited by defendant are distinguishable. In *Rhodes* v. *Ocean Acc. & Guar. Corp.* (264 N. Y. 437), there was an express prohibition by the named insured; and in *United States Fidelity & Guar. Co.* v. *Grundeen* (138 F. Supp. 498), it was conceded that the use of the "substitute" car was not with the permission, express or implied, of the named insured. While public policy might preclude indemnification in the case of a felonious use of an automobile, it does not prohibit coverage for a use that may be illegal but is not felonious (see *McMahon* v. *Perlman*, 242 Mass. 367; *Messersmith* v. *American Fidelity Co.*, 232 N. Y. 161; *Fireman's Fund Ins. Co.* v. *Haley*, 129 Miss. 525). There is no claim in this case that the substitute car was taken with felonious intent, and the facts preclude such an inference. Furthermore, if any consent were necessary, it is to be implied in the circumstances of this case (cf. *Winnowski* v. *Polito*, 294 N. Y. 159; *Brower* v. *Employers' Liability Assur. Co.*, 318 Pa. 440; *Talbot* v. *Allstate Ins. Co.*, 76 So. 2d 76 [La.]; *American Auto Ins. Co.* v. *Fulcher*, 201 F. 2d 751; *Maryland Cas. Co.* v. *Ronan*, 37 F. 2d 449).