SCHULTZ, Plaintiff and Respondent, v. HASTINGS, Defendant and Respondent: ROYAL INDEMNITY COMPANY, Defendant and Appellant.

*October 7—November 5, 1958.*

For the appellant there was a brief by *Kenney, Korf & Pfeil* of East Troy, and oral argument by *Francis J. Korf*.

For the respondent Donald F. Schultz there was a brief by *John B. Morrissy* of Lake Geneva.

For the respondent Edward J. Hastings there was a brief by *Cavanagh, Mittelstaed, Sheldon, Heide & Hartley* of Kenosha, and oral argument by *William A. Sheldon*.

BROADFOOT, J. Under date of July 19, 1956, Royal Indemnity Company executed an SR-21 form which was filed with the motor vehicle commissioner on July 20, 1956. In the SR-21 the company stated that Wisconsin Contractors, Inc., was the owner of the truck involved in the accident; that Bruce Runzler was the operator of the vehicle; that the company had issued an automobile liability policy as defined in sec. 85.09, Stats.; that the policy was in effect on the date of the accident, and that it applied to both the owner and the operator.

The effect of filing an SR-21 has had our attention in several cases. *Laughnan v. Griffiths,* 271 Wis. 247, 73 N. W. (2d) 587; *Behringer v. State Farm Mut. Automobile Ins. Co.* 275 Wis. 586, 82 N. W. (2d) 915; *Prisuda v. General Casualty Co.* 1 Wis. (2d) 166, 83 N. W. (2d) 739. The rule is well summarized in the *Behringer Case, supra,* as follows (p. 593):

"We are therefore constrained to hold that, when a company has through an authorized officer, employee, or agent filed an SR-21 with the commissioner for the purpose of complying with the Safety Responsibility Law, the company cannot thereafter deny liability upon its policy because of any act occurring, or fact existing, as of the time of such filing, which it then knew, or could have known through the exercise of due diligence. In other words, the legal effect of filing an SR-21 under such circumstances is to conclu-

sively certify that under the facts then existing its policy insured both the named owner and the named operator of the particular vehicle described in the SR-21 as to which the same was filed."

Having certified to the motor vehicle commissioner that its insurance policy applied to and covered the operator, Bruce Runzler, the insurer cannot now deny coverage. We have held in these cases dealing with the filing of an SR-21 that the object of the Safety Responsibility Law (sec. 85.09 (5) to (16), inclusive, Stats.) was to protect persons damaged or injured through the negligence of an operator of a motor vehicle. Because of the filing, both the operator and the insured avoided the penalties provided by the statute. The insurer cannot now say that what it filed was a mere scrap of paper.

As to the no-action clause in the policy it is the contention of the Insurance Company that the substantive rights of the parties under the policy are to be determined by the law of the state where the contract was made. It appears from the record that the policy was issued and delivered in Illinois, where a no-action clause is valid. It is contended that the case of *Ritterbusch v. Sexmith,* 256 Wis. 507, 41 N. W. (2d) 611, is controlling. On the other hand, it is contended that the United States supreme court, by its decision in *Watson v. Employers Liability Assur. Corp.* 348 U. S. 66, 75 Sup. Ct. 166, 99 L. Ed. 74, has destroyed the effect of our *Ritter-busch Case.*

One of the grounds for our decision in the *Ritterbusch Case* was that an application of our statutes providing for direct action against an insurance company in cases arising out of automobile accidents would impair contractual rights and would be unconstitutional under sec. 10, art. I, U. S. Const., where the policy contained a no-action clause valid

where written. The *Watson Case* determined that where a state by statute provides for such direct action against an insurance company under such circumstances it does not violate that section of the United States constitution.

In spite of the removal of the constitutional question we believe the result reached in the *Ritterbusch Case* was sound as it applied to the facts presented therein. The present case can be distinguished, however, upon its facts, from the *Ritterbusch Case*. In that case the contract was issued to a Delaware corporation in Massachusetts, presumably by a Massachusetts insurance company. The policy there provided coverage for a fleet of automobiles driven by salesmen for the insured. The premiums were paid by the insured in Massachusetts and the policy was effective on many cars located in a great many states. It was impossible to determine the place of performance of the contract because it covered so many cars scattered throughout the United States. Since the place of performance could not be ascertained, it was determined that the law of the place where the contract was made should govern the substantive rights of the parties. One statement made in the *Ritterbusch Case* was dictum and is hereby withdrawn. The statement follows (p. 512):

"For the purpose of this decision we have treated the contract as though made in Massachusetts directly between the Insurance Company and Sexmith, the assured, disregarding as immaterial to this issue the facts that the contract was actually made between the insurer and Sexmith's employer and that Sexmith was included as an assured by a rider attached to a master policy."

It was not then, and it is not now, our intention to extend the decision in the *Ritterbusch Case* beyond the facts of that particular situation.

In the present case we are confronted by a policy issued to a Wisconsin corporation with its principal place of business

at Lake Geneva, covering trucks operating in and around Lake Geneva, all of the trucks being registered in Wisconsin. So far as the record discloses none of them were used outside of the state.

The conflict of laws is a complex subject. There are many general rules and there are many exceptions to the general rules. One of those general rules is that the rights of parties to a contract are to be determined by the law of the state where it was executed. Another general rule is that the rights of the parties are to be determined according to the laws of the state where the contract is to be performed.

Because the place of performance could not be determined in the *Ritterbusch Case,* as it was in effect country-wide, the first rule was applied. We think it was correctly applied in that case. In this case, however, we have a much different situation and it is clear that the performance of the contract was to be in Wisconsin.

By the terms of the policy the Insurance Company agreed to defend any suits against the insured, to pay the costs of investigating accidents, and the costs of suits arising out of the operation of the motor vehicles. There were other commitments by the Insurance Company to perform acts that would necessarily have to be performed in Wisconsin.

A form SR-21 was filed with the commissioner of motor vehicles in this case, while no such form was filed by the insurer in the *Ritterbusch Case.* This is a further factual distinction between the two cases. We do not need to give it any special legal significance so far as the no-action clause is concerned. It was merely another commitment by the company to protect the insured from losing the registration of its vehicle in Wisconsin.

It is our determination, therefore, that the rights of the parties are governed by the laws of the state of Wisconsin

which permit a direct action against the Insurance Company. Its motion for summary judgment, therefore, was properly denied.

*By the Court.*—Order affirmed.

MARTIN, C. J., and BROWN, J., took no part.