CHALLONER, by Guardian *ad litem,* and another, Plaintiffs, v. PENNINGS and others, Defendants and Respondents: GREILING, Impleaded Defendant and Respondent: HERMAN MUTUAL INSURANCE COMPANY, Impleaded Defendant and Appellant.

*January 6—February 3, 1959.*

For the impleaded defendant-appellant there was a brief by *Thiel, Allan & Storck* of Mayville, and oral argument by *Robert E. Storck*.

For the defendants-respondents the cause was submitted on the brief of *Welsh, Trowbridge, Bills, Planert & Gould* of Green Bay.

For the impleaded defendant-respondent there was a brief by *Kaftan, Kaftan & Kaftan* of Green Bay, and oral argument by *J. Robert Kaftan.*

BROADFOOT, J.   The accident occurred on June 27, 1956, and on July 10, 1956, the Herman Mutual Insurance Company filed a form SR-21 with the motor vehicle department. The appellant concedes that the decisions in the cases of *Behringer v. State Farm Mut. Automobile Ins. Co.* 275 Wis. 586, 82 N. W. (2d) 915, and *Henthorn v. M. G. C. Corp.* 1 Wis. (2d) 180, 83 N. W. (2d) 759, preclude the assertion of its policy defense. However, it contends that those decisions should not be applied in this case.

The decision in the *Behringer Case* was announced on May 7, 1957, and the decision in the *Henthorn Case* was announced on June 4, 1957. It is contended that at the time form SR-21 was filed, the legal effect of such filing, so far as policy defenses were concerned, had not been determined.

Under the earlier decisions involving the construction of the Safety Responsibility Law this court stated only what was necessary to determine the issues in the particular cases. Actually the only real modification of any of the decisions was in the *Behringer Case* when the rule announced in *Pulvermacher v. Sharp,* 275 Wis. 371, 82 N. W. (2d) 163, was clarified. The decision in the *Pulvermacher Case* was announced on April 9, 1957, and appellant cannot claim reliance on that decision because it had not been determined on the date of the filing in this case.

The appellant also calls attention to ch. 545, Laws of 1957, and contends it changed the effect of the filing of an SR-21. That chapter was published August 20, 1957. It is contended that the immediate passage of the chapter following the deci-

sions in the *Behringer* and *Henthorn Cases* was a direct repudiation of this court's decisions in those cases and with its interpretation of the statutes relating to the filing of an SR-21; that our decisions in those cases were not in keeping with the legislative intent of the former statute and were legislatively overruled. The appellant quotes a portion of a note attached to the bill which, upon enactment, became ch. 545, Laws of 1957, as follows:

"The ultimate purpose of the bill is to simplify procedure for both the motor vehicle department and the insurance companies and to clarify the position of the insurance company with respect to defenses to its liability after an effective notice of insurance is filed with the motor vehicle department."

It is contended that the meaning of the filing of an SR-21 has been clarified by this enactment and that exclusions in a policy are valid even though an SR-21 was filed. If we do not agree that the enactment of the law operated as a legislative reversal of the *Behringer* and *Henthorn Cases,* then it is urged that this court should in equity do what was done in *Pavelski v. Roginski,* 1 Wis. (2d) 345, 84 N. W. (2d) 84, where we reversed our decision in *Quin v. Hoffmann,* 265 Wis. 636, 62 N. W. (2d) 423.

The same argument was made to the trial court. As to the first part thereof, the court said in its memorandum decision:

"If, of course, a legislature may by amending a statute nullify a supreme court decision as it relates to substantive rights already accrued before the amendment is passed, such power would have to be recognized by a trial court. There is no such power on the part of the legislature. The rules to guide this court are those stated in *Milwaukee County v. City of Milwaukee,* 210 Wis. 336, 341, where the court says:
" 'A decision construing a statute becomes an integral part of the statute itself. *Gulf, C. & S. F. R. Co. v. Moser,* 275 U. S. 133, 48 Sup. Ct. 49. When a statute has been once construed by the court, it remains as construed until it is

amended by the legislature or the construction given is modified or changed by the court.'

"And in *State ex rel. Larson v. Giessel*, 266 Wis. 547, 555, where the court says:

" 'It is clear that a subsequent legislature cannot by a later act declare the construction which was intended by a former enactment so as to make such construction binding upon a court faced with making a construction of the earlier act. *Maus v. Bloss* (1954), 265 Wis. 627, 634, 62 N. W. (2d) 708; and *Green Bay Drop Forge Co. v. Industrial Comm.* (1953), 265 Wis. 38, 51b, 60 N. W. (2d) 409, 61 N. W. (2d) 847.'

"Moreover, before the question of power can arise, it must appear that the legislature intended the act to have retroactive effect. Legislation is presumably prospective. I do not find in the act any intention to make it applicable to an accident that happened more than a year before its passage and to a suit growing out of the accident that was started six months before the passage."

As to the contention that the *Behringer* and *Henthorn Cases* should receive the same fate that the *Quin Case* received after the statute which that decision construed was amended, the trial court felt that was a matter for consideration by our court only. We have given full consideration to the argument and we agree with the trial court's determination that the *Behringer* and *Henthorn* decisions control the disposition of the motions.

As to the final argument that we should reverse our position as to the legal effect of filing an SR-21 under the statute in force on the date of the accident herein involved, we are convinced that our prior decisions were correct.

*By the Court.*—Order affirmed.