## 18471

Joseph W. WILSON, Sr., Appellant, v. SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY, Respondent. Winnefred B. ROWELL, Appellant, v. SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY, Respondent.

(147 S. E. (2d) 250)

*Messrs. Donald V. Richardson, III,* and *D. Reece Williams, III, of Whaley & McCutchen,* of Columbia, and *W. Turner Klapman,* of Orangeburg, *for Appellants,*

*Messrs. John Gregg McMaster* and *Robert J. Thomas,* of Columbia, *for Respondent,*

March 7, 1966.

Bussey, Justice.

The plaintiffs-appellants in these two actions, combined for the purpose of trial and appeal, are the holders of default judgments against one Elton Inabinet, Jr., for damages sustained by said appellants in an automobile collision which occurred in Columbia, South Carolina, on July 12, 1963, the said Elton Inabinet, Jr., having been the driver of an automobile, owned by one Marion Rump, which was involved in said collision. At issue is the question of whether

the respondent insurance company is liable for the payment of such default judgments, under a policy of liability insurance issued to Elton Inabinet, father of Elton Inabinet, Jr., during the month of October 1960, and, as a result of several renewals, still in force and effect at the time of the collision.

Appellants' contention that respondent's policy afforded coverage to the said Elton Inabinet, Jr., is based solely on the "use of other automobiles" clause of the policy, which includes the following provision,

"* * * the unqualified word 'insured' includes

"(1) such named insured and spouse and dependent children residing in the same household;"

The primary question involved, therefore, is whether or not Elton Inabinet, Jr., at the time of the collision, was a dependent child residing in the same household as his parents.

The case was tried before Hon. Legare Bates, Judge of the Richland County Court, and a jury. Upon the conclusion of the evidence, the trial judge, after a rather lengthy colloquy with counsel, determined that the issues presented were legal and not factual and dismissed the jury. He thereafter issued an order holding that Elton Inabinet, Jr. was neither a dependent child nor a resident of the same household as his parents, and that, accordingly, respondent's policy afforded him no coverage. The appeal here is from such order.

While there is some conflict in the evidence, as we view the record, material facts, sufficient for the purpose of decision, are undisputed. Elton Inabinet at the pertinent times resided in Calhoun County, just off U. S. Highway No. 21, his mailing address being, however, RFD North, South Carolina. He was employed as a garbage collector for the City of West Columbia. He and his wife had seven children, Elton Inabinet, Jr. being next to the eldest thereof. On April 10, 1963, Elton Inabinet, Jr. became twenty years

of age and, at least from that date on, was regularly employed in the construction business by a contractor in West Columbia. On or about April 10, 1963, Elton Inabinet, Jr. purchased his own automobile for which he was paying, but due to his minority took title to said automobile in the name of his mother. In June, 1963, the respondent, at the instance of Elton Inabinet, by endorsement amended its policy to reflect that Elton Inabinet's automobile was no longer being driven by a male driver under the age of twenty-five years, and the premium was reduced accordingly.

There is some evidence to the effect that Elton Inabinet, Jr. continued to come to the home of his parents on weekends after April 10, 1963. On the other hand, there is direct evidence, including the testimony of Elton Inabinet, Sr., to the effect that Elton Inabinet, Jr. did not return to the home of his parents at any time between April 10, 1963, and the date of the accident. In any event, it is undisputed that he had living quarters in Columbia during that period of time. He successively occupied two different apartments and at the time of the collision was living in an apartment in Columbia with his wife, whom he supported.

Conceding that there was evidence from which it could be reasonably inferred that Elton Inabinet, Jr. had not abandoned, terminated or relinquished his legal residence in the household of his parents, and that an issue of fact thereabout was presented for determination by a jury, the respondent's policy still would afford no coverage, under the plain language thereof, unless Elton Inabinet, Jr. was also a dependent child. The record is devoid of any evidence tending to prove that Elton Inabinet, Jr. was, in fact, dependent upon his parents or either of them.

In the case of *Day v. Day*, 216 S. C. 334, 58 S. E. (2d) 83, this court said,

"Stated generally, a dependent is one who looks to another for support and maintenance; one who is in fact dependent— one who relies on another for the reasonable necessities of life."

The quoted definition of the word "dependent" is in full accord with the judicial definition thereof by other courts. See 12 Words and Phrases, p. 135, *et seq.* Reference to any standard dictionary will show that the quoted definition is in accord with the common understanding of the meaning of that word.

The evidence in the instant case shows that far from being dependent upon his father or mother, Elton Inabinet, Jr. was not only self-supporting, but was in addition supporting a wife and contributing some money to the support of the household of his parents. It follows that the trial judge was correct in holding, as a matter of law, that Elton Inabinet, Jr. was not a dependent child, and, hence, that under the plain language of respondent's policy no coverage was afforded.

Appellants assert that the respondent certified to the South Carolina Highway Department that coverage of Elton Inabinet, Jr. existed at the time of the accident and that it is, therefore, now barred under the principles of waiver and/or estoppel from contending that no such coverage did exist. The facts giving rise to this contention are as follows.

The Department, following the accident, notified Elton Inabinet, Jr. that his driver's license would be suspended upon his failure to comply with the Financial Responsibility Law. His license was, in fact, suspended on September 13, 1963, but the suspension withdrawn on September 19, 1963, following the filing with the Department of an SR 21 form signed by, and only by, "Elton Henry Inabinet, Jr." Said form was introduced into evidence by appellants, over the objection of respondent, through Mr. Sojourner, supervisor of safety responsibility accident records for the South Carolina Highway Department. This form was filed with the Department by Elton Inabinet, Jr. The portion of the form containing information as to the accident was filled in by Mr. Sojourner in his handwriting, and the part thereof

showing the details of the policy issued by respondent to Elton Inabinet was filled in later by Mrs. Gaskin, an employee of the Calhoun County Farm Bureau, which is a part of the South Carolina Farm Bureau Federation, which in turn has some connection or affiliation with the respondent company. Mrs. Gaskin testified that she had no independent recollection of the transaction but identified her handwriting on the form. She also testified that she did not know Elton Inabinet, Jr. and there is no evidence to indicate that the form was signed by him in her presence. Elton Inabinet, Jr. was not called as a witness.

The form as completed showed "Elton H. Inabinet" as being the driver of the Rump car at the time of the collision, rather than Elton Inabinet, Jr., and that Elton Inabinet, not Elton Inabinet, Jr., had coverage with respondent at the time of the accident. The form was not signed by anyone on behalf of respondent, nor was it sent by the Department to the respondent for verification.

Since this form was neither executed nor filed by the respondent, and since it contained no facts which were within the personal knowledge of Mr. Sojourner, and no data which he was required in his official capacity to record, there is at least a serious question as to whether the document was admissible as against respondent's objection that such contained only hearsay evidence. Independently, however, of any question as to the admissibility of this document, we think appellants' position to be without merit.

There, admittedly, is authority for the proposition that an insurer is barred from denying coverage after having filed a certification of coverage with a highway department pursuant to a financial responsibility act. *Behringer v. State Farm Mut. Auto. Ins. Co.,* 275 Wis. 586, 82 N. W. (2d) 915; *LaPoint v. Richards,* Wash., 403 P. (2d) 889. In those cases it was not questioned that the insurers had certified coverage.

Here there is an absence of any evidence to show that respondent certified coverage as to Elton Inabinet, Jr. The form was filed by him and not by the respondent, and the respondent was not asked to verify the information therein contained. There is no evidence that Mrs. Gaskin had any knowledge of the fact that Elton Inabinet, Jr. had even been involved in an accident. The form as presented to Mrs. Gaskin, already partly filled in by Mr. Sojourner, indicated that Elton Inabinet, the father not Elton Inabinet, Jr., had been involved in an accident. Moreover, the form as filed, even had it been filed and certified by the respondent, does not even purport to show that any coverage was in existence as to Elton Inabinet, Jr. As to coverage, it showed only that Elton Inabinet, the father, rather than Elton Inabinet, Jr., had coverage at the time of the collision.

We conclude that all exceptions of the appellants are without merit, and the judgment of the lower court is, accordingly,

Affirmed.

Moss, Acting C. J., Lewis and Brailsford, JJ., and Legge, Acting J., concur.