MAURER and another, Respondents, vs. FESING and another, Appellants.

*January 16—February 13, 1940.*

566

For the appellant Mutual Automobile Insurance Company there were briefs by *Puhr & Van de Water* of Sheboygan, and oral argument by *E. H. Puhr.*

For the appellant Henry Fesing there was a brief by *Jos. H. Peters* of Sheboygan.

For the respondents there was a brief by *Bassuener, Humke & Poole,* attorneys, and *Paul L. Axel* of counsel, all of Sheboygan, and oral argument by *Mr. John M. Poole* and *Mr. Axel.*

FRITZ, J.   The accident in question occurred while the plaintiff Virginia Maurer was riding as a guest in an automobile operated by the defendant Henry Fesing.   The car was owned by Oswald Trempe and was being used with his knowledge and express consent by his son Lester and the latter's friend Fesing for an evening pleasure drive with Virginia Maurer and another girl friend.   Lester operated the car from Sheboygan to Sheboygan Falls, and then Fesing drove it to Plymouth where they stayed an hour at a tavern.   Upon leaving Fesing drove again until the accident, and Virginia sat in the front seat.   It rained during the trip to Plymouth, and upon leaving there was a fog which was not dense, but sufficient to prevent seeing as far along the road as they could in good weather.   Fesing drove at the rate of forty-five to fifty miles per hour, which had been their speed during the trip.   The accident happened at a sharp curve in a black-top roadway of average width when the car ran off the roadway, across a ditch and up the bank on the other side, and stopped in a field, after going fifty feet from where Fesing first noticed the curve.   He admitted that he failed to see the curve in time to enable him to negotiate

the turn. The court directed findings in a special verdict that negligence of Fesing in operating the automobile in respect to lookout was a cause of the accident, and only submitted the assessment of Virginia's damages to the jury. The court denied defendants' requests that the court either submit questions to the jury for a special verdict as to whether there was causal negligence on the part of Fesing in respect to the speed at which he operated the car, and whether the risk of injury by reason of such negligence was assumed by Virginia Maurer, or that the court answer such questions affirmatively. The parties stipulated that the question as to whether the policy in question covered damages caused by Fesing's negligence was a question of law which the court might decide after verdict. Upon motions after verdict the court found that Fesing was operating the car with the consent of the owner Oswald Trempe and that therefore the coverage of the policy inured to the benefit of Fesing. Judgment was entered for plaintiffs' recovery of their damages from Fesing and the insurer.

On appeal Fesing and the insurer contend that the evidence establishes as a matter of law that Fesing was guilty of causal negligence in respect to the speed at which he operated the car, and that Virginia Maurer assumed the risk of injury by that negligence; and that therefore the court erred in denying the motions of the defendants for a nonsuit, directed verdict, or judgment notwithstanding the verdict, or erred in not submitting to the jury the issues in respect to Fesing's negligence in respect to speed and in respect to Virginia Maurer's assumption of the risk of injury by that negligence. The contentions cannot be sustained. There is no allegation in the pleadings of either the defendants or the plaintiffs that Fesing was negligent in respect to speed; and the defendants' allegations as to assumption of risk by Virginia Maurer are only that she assumed the risk by reason of Fesing's negligence as alleged in the plaintiff's complaint. Inasmuch as

the negligence alleged in the complaint is only in respect to Fesing's operating of the car without keeping a proper lookout, and keeping the car under proper control and management, and without having the car equipped with efficient braking devices, and there is no charge of negligence in respect to speed, defendants' allegations cannot be deemed to charge such assumption of risk in respect to negligence by reason of speed. However, of controlling significance is the fact that under the evidence the cause of plaintiff's injuries was not negligence in respect to the speed at which he was driving, but was negligence by reason of his failure to keep a proper lookout. The evidence most favorable to defendants' contentions in respect to speed is that throughout the trip the car was operated at a speed of forty-five to fifty miles per hour. However, there is no proof that there was any danger in operating at that rate of speed on the blacktop roadway in question, which was of average width, or that there was any condition or occurrence because of which there was any comment or occasion for anticipating any danger or injury by reason of that rate of speed. On the other hand, in relation to visibility and lookout there was proof that although there was some fog, it was not dense; that one could see about two or three hundred feet ahead,—half as far as if there had been no fog; that one had a pretty good view even though it was foggy, and it did not interfere any with looking down the road. Notwithstanding these fair conditions as to visibility, Fesing testified that when he first noticed the curve he "was right up to it." As he also testified that fifty feet was the entire distance traveled by the car after he first noticed the curve until the car came to a stop at an embankment in a field after crossing a ditch at the curve, it follows that he was less than fifty feet from the curve when he first noticed it. Fesing's failure to see the curve until he was so close to it, although the visibility was such that the roadway could be seen two hundred to three hundred feet

ahead, warranted the court's conclusion that his negligence in not keeping a proper lookout, rather than the speed at which he was operating, was the cause of the accident. The dangerous situation with which he was confronted when he did finally see the curve was due solely to his negligent failure to keep a proper lookout, and not to the speed at which he was driving. His failure by reason of his negligence in not keeping a proper lookout to observe the curve as soon as it was within the range of vision rendered the accident probable even if his approach had been at a more moderate speed. It follows that the court did not err in denying defendants' request to hold that there was causal negligence on Fesing's part in respect to speed, or to submit questions on that subject to the jury. In the absence of causal negligence as to speed there was no occasion or basis for a finding as to assumption of risk in that respect by Virginia Maurer.

The defendant, Mutual Automobile Insurance Company, also contends that the court erred in holding that the coverage under the defendant's policy inured to the benefit of Fesing as the operator of the automobile at the time of the accident. The court's ruling that the insurer was liable under the provisions of its policy was based on the court's finding that Fesing was operating the automobile with the express or implied consent of the owner Oswald Trempe. The court evidently assumed that under the provisions of the policy in respect to extending the coverage to others than the named insured, the consent required on the part of the owner was to the "operation" of the automobile by the person driving it at the time of the accident to whom the coverage is claimed to extend. However, that does not seem to be the requirement under the provisions of the policy in question, which read as follows:

"While any automobile covered hereby is being used with the express or implied consent of the insured or of any adult member of the insured's household who is not a chauffeur

or domestic servant, the provisions of this policy with respect to claims upon the insured on account of damage to property of others or injury to the person of others shall inure to the benefit not only of the insured but also to the benefit of any person riding in said automobile."

Under these provisions the coverage afforded by the policy in respect to claims on account of damage to others, inures "to the benefit of any person riding" in the automobile while it "is *being used* with the express or implied consent of the insured or of any adult member of the insured's household," etc. Consequently, all that the policy requires in order to have the provisions therein in relation to claims on account of damage to others inure to the benefit of Fesing is that the automobile in which he was riding was *"being used* with the express or implied consent" of Oswald Trempe. The provisions in question do not limit the persons who are in the class to which the benefits thereunder inure to such persons as are operating the automobile with the insured's consent. In other words, the consent which is required under the provisions is not to the *operation* of the car by the person to whom the coverage benefits are claimed to inure, but is merely to its being used with the consent of the named insured at the time in question. As the evidence conclusively establishes that the owner and named insured, Oswald Trempe, expressly consented to the use of the automobile at the time in question for a pleasure drive by his son Lester accompanied by Fesing and their girl friends, the court did not err in ordering judgment against the insurer.

*By the Court.*—Judgment affirmed.