PUTMAN and others, Respondents, vs. DEINHAMER and others, Defendants: HARTFORD ACCIDENT & INDEMNITY COMPANY, Appellant. [Three cases.]

*November 4—December 1, 1953.*

For the appellant there was a brief by *Stafford, Pfiffner & Stafford* of Chippewa Falls, and oral argument by *Harold E. Stafford*.

For the respondents there was a brief by *Wilcox & Sullivan* and *Frank E. Betz*, all of Eau Claire, and oral argument by *Mr. Francis J. Wilcox* and *Mr. Betz*.

FRITZ, C. J.   The defendant Hartford Accident & Indemnity Company, hereinafter called "Hartford," issued an automobile liability policy to Raymond Deinhamer covering the period from November 28, 1951, to November 28, 1952. The premium was promptly paid.  The policy provided that Hartford could cancel the policy by mailing to the named insured,—at the address stated in the policy,—written notice, when not less than five days thereafter cancellation shall be effective and that the mailing of the notice shall be sufficient proof of notice.  Hartford claims that notice of such cancellation was mailed by Hartford on March 28, 1952; that the effective date of cancellation in the notice was April 4, 1952; and that the premium return was made on April 14, 1952. An automobile accident occurred on April 13, 1952, between the automobile driven by Raymond Deinhamer and an automobile operated by Arthur Putman, as a result of which Arthur Putman, Delmar Sahm, and Viola Sahm sustained personal injuries.  Each of these parties started suit against Raymond Dienhamer, and Hartford and others.  The complaint in each case alleged that the Hartford policy was in effect; and Hartford denied that its policy was in effect and alleged that Hartford canceled the policy prior to the accident.

Hartford moved for summary judgment in each action. Affidavits of employees of Hartford stated that the notice of

cancellation was typed at the office of the company in St. Paul, inserted in an envelope, and mailed to Raymond Deinhamer at the address in the policy; that a receipt of the post office was given the company showing the receipt by the post office of one piece of ordinary mail addressed to the policyholder, at the address listed in the policy on March 28, 1952; that thereafter the unearned premium was computed by Hartford and the agent's check was delivered on April 14, 1952.

Affidavits filed by the plaintiffs in opposition stated that the policyholder did not receive the notice and stated on information and belief that the notice was not sent and the cross-examination would develop that the notice was not mailed. The trial court denied Hartford's motion for a summary judgment in each case.

The actions were originally commenced against the appellant Hartford upon a verified allegation that it had a policy in force covering the operation of a motor vehicle by Raymond Deinhamer. That allegation was disputed by an answer of the appellant, Hartford, in which it alleged that the policy had been canceled; and its allegation was renewed by Hartford in its motion for summary judgment on its affidavits stating the method of the alleged cancellation; and the matters stated in said affidavits were disputed by affidavits of the respondents, Deinhamer, Putman, and Sahm, denying that a notice of cancellation was mailed or received. The court denied Hartford's motion for summary judgment on the ground that the record disclosed that a substantial issue of fact was still to be tried; namely, whether the essential notice of cancellation had actually been duly inclosed in the mail by Hartford and actually received by Raymond Deinhamer. The material question presented on this appeal is whether the record can be deemed to warrant the conclusion that the court was correct in holding that a substantial issue of fact is

presented for trial—namely, whether the appellant mailed a proper notice of cancellation. Hartford calls to the court's attention that the question of fact involved is one in which the details are solely in the possession of Hartford, and that the respondents are obligated to prove the negative. The difficulty presented by this type of situation does not, however, leave the respondents without any effective remedy; and the mere fact that a moving party is in a position to swear that a certain thing was done, should not leave the respondents out of court without an opportunity for a court trial.

The affidavit of Louis V. White, an employee of Hartford is to the effect that he mailed a (1) notice of cancellation (2) properly addressed and stamped on March 28, 1952. However, from the details of his affidavit it appears that he is an employee of appellant at its home office and it was his obligation to handle a large volume of similar mail each day; and that his affidavit was made eleven months after the occurrence of facts stated therein. Hartford claims to furnish corroboration for Mr. White in an affidavit of Allan Forman,—another home-office employee of appellant,—who states that he ordered prepared a properly addressed notice, with a properly addressed envelope, properly stamped, and a postal receipt on March 28, 1952. However, the details of his affidavit indicate that it is his responsibility to likewise handle a large volume of mail each day; and his affidavit was also made eleven months after said date. Appellant also furnished an affidavit of Gilbert E. Mower, to the effect that he received in an envelope containing other mail and addressed to him,—at a date not specified,—a carbon copy of a notice; but Mower's affidavit does not in any way corroborate White's affidavit, since it has to do with an entirely different physical act than the mailing of a notice to Raymond Deinhamer, but it merely corroborates in part Forman's affidavit as to his mechanical preparation of copies. Hartford furnishes

a postal receipt on its form No. 3817, which was prepared in the office of Hartford and allegedly was taken by White to the post office and bears a stamp alleged by White to have been affixed by the postal clerk, in exchange for the deposit of an envelope bearing a similar address to that shown on the receipt form. It thus appears that every detail of relevancy connecting the receipt form with the mailing depends solely upon the allegation of White, as to what someone else did in his presence, and does not in itself consist of any documentary proof of the essential issue disclosed by the record. Naturally, it is impossible for respondents to produce an eyewitness, who will deny White's allegations.

However, affidavits of Mary Deinhamer and Raymond Deinhamer establish that no notice of cancellation was received through the mails; and their affidavits are corroborated by those of the postman, Mr. Kaiser, and the postmaster, Mr. Dugal. Other affidavits assert merely nonreceipt of any notice by Raymond Deinhamer; and state on information and belief that a notice was not sent to him. The policy provides that proof of mailing of the notice of cancellation, "shall be sufficient proof of notice." Proof of nonreceipt of the notice standing alone would not support a finding that the notice had not been mailed, but it might be a circumstance to be considered if the testimony of the defendant company's witnesses as to mailing should be shaken in any material respect on cross-examination.

In addition respondents rightly contend that, where the testimony offered to establish a fact is the oral testimony of a person claimed to have done the fact, the opposite party is entitled to a trial by jury, at which witnesses may be cross-examined to establish any weakness or flaw in their testimony; and a jury is permitted to pass upon the veracity and accuracy of the witness. Where the witness is an employee of the party who is to benefit by his testimony, and the de-

tails were obvious routine and occurred a long time ago,—the jury should be allowed to pass upon the accuracy of his testimony. As contended by the plaintiffs, material rights are involved in each of the cases at bar. Appellant seeks to exercise an arbitrary and unilateral right of cancellation, without cause on a minimum notice, leaving Raymond Deinhamer without protection in the operation of his automobile, and without knowledge of any cancellation. The effect would be to leave the respondents without any adequate remedy for their serious injuries against the defendant, Raymond Deinhamer.

In *Hanson v. Halvorson*, 247 Wis. 434, 437, 19 N. W. (2d) 882, the court enunciated principles in connection with the invocation of the remedy of summary judgment, which are peculiarly applicable to the record in the case at bar:

"If the pleadings, taking them as they stand, make a case for trial by a jury, a summary judgment will be denied unless it appears from the affidavits that different conclusions of essential ultimate fact cannot reasonably be drawn. Nor will such judgment be granted where it does not appear from the affidavits that no circumstances exist that tend to support an inference of essential ultimate fact contrary to that contended for by the movant, nor where it does not appear that the conclusive effect claimed for the affidavits by the movant cannot be destroyed by cross-examination. Hardly ever can a summary judgment be granted upon affidavits unless the issue raised by the pleadings undeniably depends upon documents set forth by copy in the affidavit of the moving party which are not impeached by an opposing affidavit." To the same effect see *Prime Mfg. Co. v. A. F. Gallun & Sons Corp.* 229 Wis. 348, 355, 281 N. W. 697; *Parish v. Awschu Properties, Inc.,* 247 Wis. 166, 173, 19 N. W. (2d) 276; *Elmer v. Chicago & N. W. R. Co.* 257 Wis. 228, 233, 43 N. W. (2d) 244.

Therefore the court was right in denying appellant's motion for summary judgment for the reason that the issue of wheth-

er a proper notice was in fact mailed presented a question of fact, which entitled plaintiffs to a trial.

*By the Court.*—Orders affirmed.