Voysey, Plaintiff (Appellant and Respondent), v. Labisky and another, Defendants and Respondents: Alvin and another, Copartners, Defendants and Appellants.

*April 4—May 3, 1960.*

For the plaintiff there was a brief and oral argument by *Eugene A. Bitters* of Ripon.

For the defendant Robert C. Labisky there was a brief by *McLeod, Donohue & Colwin* of Fond du Lac, and oral argument by *Joseph D. Donohue*.

For the defendant Shirley M. Williams there was a brief and oral argument by *G. Donald Barnes* and *Donald L. Farr,* both of Eau Claire.

For the defendants Ervin Alvin and Alfred R. Schultz there was a brief by *Lehner & Lehner* of Princeton, and oral argument by *Philip Lehner, Sr.*

HALLOWS, J.   The rule is well established in this state that when it is shown there is a substantial issue of fact, or when the evidence on a material issue is in conflict, or if the inferences to be drawn from credible evidence are doubtful and uncertain, the motion for summary judgment should be denied.   Likewise, when there is credible evidence which under any reasonable view will either support or admit of an

inference in support or in denial of a claim of either party, it is for the jury to draw the proper inference and not for the court to determine which of two or more permissible inferences should prevail. *Elder v. Sage* (1950), 257 Wis. 214, 42 N. W. (2d) 919. We have often said that the power of the courts under the summary-judgment statute (sec. 270.635, 33 W. S. A., p. 309) is drastic and should be exercised only when it is plain there is no substantial issue of fact or of permissible inference from undisputed facts to be tried. *De Bonville v. Travelers Ins. Co.* (1959), 7 Wis. (2d) 255, 96 N. W. (2d) 509, 97 N. W. (2d) 392; *Ondrejka v. Ondrejka* (1958), 4 Wis. (2d) 277, 90 N. W. (2d) 615; *Braun v. Jewett* (1957), 1 Wis. (2d) 531, 85 N. W. (2d) 364; *Udovc v. Ross* (1954), 267 Wis. 182, 64 N. W. (2d) 747, 66 N. W. (2d) 200.

*Appeals from Summary Judgments.*

From the record, including the adverse examinations, we must conclude that the trial court was in error in dismissing the complaint against Labisky and Williams. Material facts and supporting inferences upon which the trial court based this part of its decision were in dispute and require a trial. A dispute exists as to who was building the house in Ripon, Wisconsin, whether Mr. Labisky was building it for his daughter, whether he was acting as her agent, or whether Alvin and Schultz were building it. The daughter, Williams, owned the lots which were a prior gift from her father, Labisky, and she and he decided that a home should be built. Labisky apparently drew some sketches or floor plans for the construction and had them reproduced or finally drawn up by the Morgan Company. The trial court concluded that Labisky and the husband of Shirley Williams together contacted the defendants, Alvin and Schultz, who were carpenter-contractors, and entered into a verbal agreement engaging them as general contractors to construct the house. But the evidence tends to show that the first inter-

view was attended by Labisky alone and later Alvin and Schultz were engaged by Labisky to do the carpentry and masonry labor which was to be paid for on a time basis monthly. They were not to be general contractors, because Labisky thought he could get work done by other contractors cheaper than Alvin and Schultz. It was understood that Labisky would make the selection of other contractors. Alvin and Schultz were instructed by Labisky where to buy the lumber, and the bills were sent to Labisky, who turned the bills over to his daughter after Labisky checked their accuracy. Materials used for the work by other contractors were not ordered by the defendants, Alvin and Schultz. The contract for the heating job with the plaintiff was made by Labisky. The evidence is conflicting, but shows that changes were ordered by Labisky for downspouts, who also gave directions for additional work to the plaintiff, and Labisky arranged for the completion of the work after the plaintiff's injury.

The trial court found that Mr. and Mrs. Williams visited the building project on occasions, but never assumed any control or supervision. This fact rests on conflicting evidence. In the view taken of the evidence by the trial court, the defendants, Alvin and Schultz, were the general contractors, and Labisky was only an agent for his daughter, Williams, limited to negotiating the original contract with the defendants, the plaintiff, and possibly other contractors. The evidence, however, admits of a reasonable inference that Labisky was building a house for his daughter as a present, that he, and perhaps both of them, were general contractors having supervision and control regardless of the extent to which they exercised their control and supervision. Contracts for the construction of the house were let piecemeal to different contractors, no one of whom had the over-all responsibility for the construction of the completed house. It is without dispute that Labisky gave his daughter $5,000 to pay the bills and also an additional

$10,000, for which he took promissory notes and which notes he later canceled.

The verified pleadings, the affidavits, and the adverse examinations set up many conflicting facts. One gets the impression from reading the record that this house was not constructed under anyone's control or supervision, but grew up like Topsy. Everyone disowns any responsibility and points his finger at the other. All the defendants are attempting to get out of liability on isolated bits and parts of adverse examinations and statements in affidavits. To grant summary judgment on such a state of the record would prevent the opportunity of the witnesses upon a trial to explain or contradict their testimony given on the adverse examinations and would deny the opportunity to the parties to put in affirmative evidence. *Putman v. Deinhamer* (1953), 265 Wis. 307, 61 N. W. (2d) 319; *Bergman v. Bernsdorf* (1955), 271 Wis. 401, 73 N. W. (2d) 595, 74 N. W. (2d) 744.

As we view the matter, this was a trial of contested issues on affidavits and adverse examinations. Summary-judgment procedure is not to be a trial on affidavits and adverse examinations. It is aimed at a sham answer which is interposed to secure delay. *Stafford v. General Supply Co.* (1958), 5 Wis. (2d) 137, 92 N. W. (2d) 267. The plaintiff should not be foreclosed from proving his cause of action. It is not the duty of one opposing summary judgment to prove his case or to put in all his evidence on summary judgment. He defeats the motion if he shows by affidavit or other proof that there are issues of fact or reasonable inferences which can be drawn from the evidence. *Parish v. Awschu Properties, Inc.* (1945), 247 Wis. 166, 19 N. W. (2d) 276; *Pelon v. Becco* (1948), 253 Wis. 278, 34 N. W. (2d) 236. The court does not try the issues but decides on summary judgment whether there is an issue of fact to be tried. *Bryan v. Noble* (1958), 5 Wis. (2d) 48, 92 N. W. (2d) 226.

*Denial of the Motion for Summary Judgment of
Alvin and Schultz.*

The trial court correctly denied this motion. The ground of the denial was that these defendants were general contractors and had control of the premises. But there is credible evidence which would support a jury finding that they were not general contractors and were working as independent contractors on the basis of time for labor only, and had no general supervision or responsibility for the construction of the complete house.

It is also disputed who put the sheet rock over the stair-well opening in the attic. Alvin and Schultz deny they did. There is no evidence in the record that they covered the opening with sheet rock. There is some evidence which would sustain an inference that Schultz was an employee of Labisky at the time the plaintiff was injured or that Schultz was an employee or a servant of Williams, because Mr. Williams requested Schultz to have the plaintiff put an exhaust fan in the attic. There is also a conflict whether Schultz was asked by the plaintiff to assist him in making the measurements, and was his servant for that limited purpose. The motion of Alvin and Schultz was properly denied because there were material issues of fact to be tried, not because the court concluded they were general contractors.

The defendants raise the issue that no cause of action is stated against them as a partnership because all allegations concern Schultz individually as an agent for Labisky and Williams. This question is not properly raised. A motion for summary judgment cannot be used for or serve the purpose of a demurrer. The sufficiency of a pleading must be raised by a proper pleading. *Stafford v. General Supply Co., supra.*

*By the Court.*—The judgments appealed from are reversed; the order appealed from is affirmed.