DULL, Plaintiff, v. CURRAN and another, Defendants and Respondents: IOWA NATIONAL MUTUAL INSURANCE COMPANY, Defendant and Appellant.

*February 7—April 3, 1962.*

202

For the appellant there were briefs by *Clewell, Cooney & Fuerste* of Dubuque, Iowa, and *Peterson, Antoine & Peterson* of Prairie du Chien, and oral argument by *F. J. Antoine.*

For the respondents there was a brief by *Jacobson & Bristol* of Waukon, Iowa, and *Scheffer & Queram* of Prairie du Chien, and oral argument by *Robert R. Scheffer.*

HALLOWS, J. Since the pleadings raise an issue of the ownership of the automobile and of Curran's permission, the affidavits offered in support of the motion must be sufficient *per se* to prove the facts constituting the defense and to overcome the affidavit in opposition to the motion. The proposition of law advanced by Iowa National that retention of the registration certificate by Meese did not invalidate the sale under the Iowa Uniform Sales Act is not reached until it is first determined no genuine material issue of fact exists. Whether there was a conditional sale of the automobile to Kuhse with Meese retaining the title for security purposes only or a sale by which ownership was to be transferred upon full payment of the purchase price depends upon the intention of the parties to the oral transaction.

The affidavits of Meese, his wife, and Kuhse do not set forth the conversation concerning the car but rather what such conversations meant in general conclusions of fact and of law. No doubt a transaction took place in which possession of the car was given Kuhse, two payments made to Meese, and two receipts given. The exact nature of the transaction was attempted to be resolved by the affidavits. Iowa National claims its burden of proof is met by its affidavits because the affidavit of Tow must be disregarded as incompetent and not admissible as evidence under the hear-

say rule, and even if the Tow affidavit is admissible, it does not conflict with the supporting affidavits properly construed.

The trial court considered the Tow affidavit because Tow could have testified on the trial as the contents of the affidavit constituted an admission by Kuhse against his interest. We need not go that far. The Tow affidavit on this motion can be considered as in impeachment of the Kuhse affidavit. We cannot on this motion resolve the truth of that affidavit or now determine what Kuhse might testify to on the trial. On motion for summary judgment, the court does not determine what could or might be proven on a trial but whether, on the record, there ought to be a trial to the trier of the facts. The function of summary judgment is to grant speedy relief by determining the merits of the questions of law presented when it appears from the affidavits and proof submitted in support of and in opposition to the motion that a trial of the facts is not needed for such purpose.

The Tow affidavit is criticized as containing no evidentiary facts but conclusions and the interpretation which Tow placed upon what Kuhse told him. The difficulty with this argument is that the same criticism of insufficiency is made of the affidavits in support of the motion. These affidavits likewise set forth conclusions of fact and of law. For instance, the affidavit of Kuhse states, "The only interest that Meese had in the car after June 10, 1960, was a vendor's interest." This is legal language made by a nineteen-year-old boy now in military service. His affidavit states he had "read this affidavit, having personal knowledge of the contents thereof, and believes the contents to be true." The affidavits of Meese and his wife likewise contain legal conclusions as to the nature of the transaction and fail to meet the test of evidentiary facts sufficient for this court to determine what the nature of the transaction was. See *McChain v. Fond du Lac* (1959), 7 Wis. (2d) 286,

96 N. W. (2d) 607; *Schau v. Morgan* (1942), 241 Wis. 334, 6 N. W. (2d) 212; *Madigan v. Onalaska* (1950), 256 Wis. 398, 41 N. W. (2d) 206.

It is not necessary for the moving party to put in all the evidentiary facts, but sufficient evidentiary facts must be shown to support his motion, *Voysey v. Labisky* (1960), 10 Wis. (2d) 274, 103 N. W. (2d) 9, while the opposing party, under sec. 270.635, Stats., need only show, by affidavit or other proof, facts which the court shall deem sufficient to entitle him to a trial. *McChain v. Fond du Lac, supra; Becker v. La Crosse* (1960), 9 Wis. (2d) 540, 101 N. W. (2d) 677; *Voysey v. Labisky, supra; Rabinovitz v. Travelers Ins. Co.* (1960), 11 Wis. (2d) 545, 105 N. W. (2d) 807; *Stevenson v. Barwineck* (1959), 8 Wis. (2d) 557, 99 N. W. (2d) 690. This, we think the respondent has done. To allow the drastic remedy of summary judgment on the affidavits in this record would be to try the issue of ownership of the automobile by affidavits, which should not be done. *Hyland Hall & Co. v. Madison Gas & Electric Co.* (1960), 11 Wis. (2d) 238, 105 N. W. (2d) 305; *Voysey v. Labisky, supra; Stafford v. General Supply Co.* (1958), 5 Wis. (2d) 137, 92 N. W. (2d) 267; *Prime Mfg. Co. v. A. F. Gallun & Sons Corp.* (1938), 229 Wis. 348, 281 N. W. 697; *Gordon S. Stark & Co. v. Roets* (1958), 3 Wis. (2d) 612, 89 N. W. (2d) 189. Moreover, in order to grant summary judgment, this court would have to draw from such evidentiary facts as the affidavits show the inference that the parties intended Meese was to retain the certificate of title merely for security and that ownership of the car was in Kuhse. However, an equally permissible inference might be drawn that ownership of the automobile was to be retained by Meese until the car was completely paid for. Which of these inferences is to be drawn is within the province of the trier of the fact—not of the court on motion for summary judgment. *Voysey v. Labisky, supra;*

*Hyland Hall & Co. v. Madison Gas & Electric Co., supra; Elder v. Sage* (1950), 257 Wis. 214, 42 N. W. (2d) 919.

We do not reach the question of Curran's alleged permission to drive the automobile. No transaction or conversation between Meese and Curran is set forth in any affidavit. Thus this question, based on the affidavits before us, depends upon Meese's ownership of the car at the time of the accident and other facts. See *Harper v. Hartford Accident & Indemnity Co.* (1961), 14 Wis. (2d) 500, 111 N. W. (2d) 480; *Dahlke v. Roeder* (1961), 14 Wis. (2d) 582, 111 N. W. (2d) 487. Until the ownership question is decided, there can be no question of Curran's permission.

*By the Court.*—Order affirmed.